# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELVIS GORDON and IVAN PONDER,<br><br>**Defendants.** | CRIMINAL ACTION FILE<br><br>NO. 1:17-CR-354-MHC-LTW |

## ORDER

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Linda T. Walker [Doc. 49] recommending that Defendants' Motion to Dismiss Counts for Failure to Allege an "Official Act" Within the Meaning of the Bribery Statute [Doc. 34] and Defendants' Motion to Dismiss Counts for Failure to Allege an Offense [Doc. 35] be denied. The Order for Service of the R&R [Doc. 50] provided notice that, in accordance with 28 U.S.C. § 636(b)(1) (2012), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. See also FED. R. CRIM. P. 59(a). Within the required time period, Defendant Gordon ("Gordon") filed his objections to the R&R [Doc. 51] and, after obtaining an extension of time

within which to file objections, Defendant Ponder ("Ponder") filed his objections, adopting the arguments of Gordon [Doc. 57].[1]

## I. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] Defendants have also filed an objection to the Government's response to their motion for a bill of particulars [Doc. 58]. As the Government's response was pursuant to the Magistrate Judge's Order granting in part and denying in part Defendants' Motion for a Bill of Particulars [see R&R at 19-24], it is more appropriate for this objection to be heard by the Magistrate Judge.

2

magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59. In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.   DEFENDANTS' OBJECTIONS

### A.   Motion to Dismiss Counts for Failure to Allege an Official Act Within the Meaning of the Bribery Statute

In their first motion to dismiss, Defendants alleged that Counts 1-21 of the Indictment fail to state an offense under 18 U.S.C. § 201 because the acts charged in the Indictment are not "official acts" within the meaning of that statute. After an exhaustive review of the allegations in the Indictment as well as the current case law, the Magistrate Judge found that Counts 1-21 of the Indictment properly alleged official acts taken by Gordon and adequately inform Defendants of the nature of the charges against them. R&R at 4-15.

Defendants object to the conclusion of the Magistrate Judge based on their assertion that the Indictment fails to comply with the decision of the United States Supreme Court in McDonnell v. United States, 136 S. Ct. 2355 (2016), because the allegations in the indictment do not identify the "question, matter, cause, suit,

3

proceeding or controversy" that was pending before Gordon or the decision he took "on" any of those prerequisites for establishing an "official act." Def. Gordon's Objs. at 2-6 (citing McDonnell and 18 U.S.C. § 201).

### 1. The Indictment

Count 1 of the Indictment alleges that, while employed with the United States Food and Drug Administration ("FDA"), Gordon was authorized to directly employ vendors for maintenance projects valued below a certain threshold ("micro-purchases") without going through a formal procurement process, and that Gordon was issued an office purchase card to make such micro-purchases. Indictment [Doc. 1] ¶¶ 2-3. Gordon is alleged to have used his position at the FDA to obtain personal benefits in exchange for selecting certain vendors to perform work for the FDA district office in Atlanta, Georgia. Id. ¶¶ 1, 4.

Specifically, in exchange for selecting and influencing the selection of P&E Management ("P&E"), a Georgia corporation owned and managed by Ponder, to perform maintenance and janitorial work at the FDA district office, the Indictment alleges that Gordon received financial remuneration from Ponder and P&E through the issuance of checks payable to Gordon and his romantic partner. Id. ¶¶ 7-8. As evidence of a conspiracy to commit bribery in violation of 18 U.S.C. § 371, the Indictment alleges the following additional indirect payments made by Ponder to

Gordon: (1) monthly car payments for a vehicle purchased for Gordon's romantic partner; (2) use of a debit card linked to P&E's business checking account to make purchases at gasoline stations, restaurants, other business establishments, and for Gordon's personal travel; and (3) use of a debit card to pay for Gordon's work-related travel expenses, for which Gordon then claimed reimbursement from the FDA. Id. ¶ 9.

The Indictment alleges that, between as early as October 2010 and continuing through at least May 2016, Gordon, in his capacity as an FDA official, agreed to receive and accept monetary payments and other forms of financial remuneration from Ponder through P&E, in return for Gordon performing an official act, namely, "promoting, selecting, contracting with, and making recommendations and requests for work to be performed" at the FDA's Atlanta district office. Id. ¶ 10(a). The Indictment also alleges that Ponder promised Gordon, in his capacity as an FDA official, things of value with the intent to influence an official act, namely, "promoting, selecting, contracting with, and making recommendations and requests for work to be performed" at the FDA's Atlanta district office. Id. ¶ 10(b). In furtherance of the conspiracy, the Indictment alleges seven overt acts. Id. ¶ 11.

Counts 2-11 of the Indictment charge Gordon with the offense of bribery in violation of 18 U.S.C. § 201(b)(2), alleging that Gordon, in his capacity as a public official, "directly and indirectly, did corruptly demand, seek, receive, accept, and agree to receive and accept," eleven payments, all drawn on P&E's business checking account, "in return for being influenced in the performance of an official act, that is, promoting, selecting, contracting with, and making recommendations and requests for work to be performed" at the FDA by Ponder and P&E. Id. ¶¶ 2-11. Counts 12-21 of the Indictment charge Ponder with offering bribes in violation of 18 U.S.C. § 201(b)(1), alleging that Ponder "directly and indirectly, did corruptly give, offer, and promise" the same eleven payments, all drawn on P&E's business checking account, with the intent to influence Gordon to perform an official act, "that is, promoting, selecting, contracting with, and making recommendations and requests for work to be performed" at the FDA. Id. ¶¶ 12-21.

### 2. Does the Indictment Allege An "Official Act"?

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1). The Eleventh Circuit standard for analyzing challenges to the sufficiency of an indictment is well-established:

> [W]e give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations. Such a common sense construction is satisfied through consideration of three factors: whether the indictment 1) presents the essential elements of the charged offense, 2) notifies the accused of the charges to be defended against, and 3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. These factors ensure the provision of constitutional notice and due process. Ultimately, the appropriate test is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards. However, even when an indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.

United States v. McGarity, 669 F.3d 1218, 1235-36 (11th Cir. 2013); see also United States v. Lang, 732 F.3d 1246, 1247 (11th Cir. 2013) ("If the indictment provides facts and the specific statute under which the defendant is charged, the court will find the indictment sufficient.") (internal quotation marks and citation omitted). On a motion to dismiss the indictment, a district court must not resolve the merits of the factual allegations. United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987). Finally, in determining whether an indictment is insufficient, a court must "focus . . . on the facts as alleged in the indictment, which [the court] view[s] in favor of the government and assume[s] to be true." United States v. Sharpe, 438 F.3d 1257, 1259 (11th Cir. 2006) (emphasis omitted).

A person commits the crime of bribery, in pertinent part, if he:

7

(1) directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—
  (A) to influence any official act; or
  (B) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or
  (C) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of the lawful duty of such official or person;

(2) being a public official or person selected to be a public official, directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for:
  (A) being influenced in the performance of any official act;
  (B) being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or
  (C) being induced to do or omit to do any act in violation of the official duty of such official or person[.]

18 U.S.C. § 201(b)(1)-(2). Ponder is charged with offering a bribe under § 201(b)(1) and Gordon is charged with receiving a bribe under § 201(b)(2). The statute defines "official act" to mean "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit." Id. § 201(a)(3).

Defendants contend that the indictment does not identify the "question, matter, cause, suit, proceeding or controversy" that was pending before Gordon or the decision that Gordon took on that "question, matter, cause, suit, proceeding or controversy." Def. Gordon's Objs. at 3. Defendants rely on what they contend is a "more bounded" interpretation of "official act" in McDonnell. Id.

In McDonnell, the Governor of the State of Virginia and his wife accepted approximately $175,000 in gifts from an individual promoting a nutritional supplement. 136 S. Ct. at 2361-65. In exchange, the Governor arranged meetings with various state officials, hosted events at the Governor's mansion promoting the product, and encouraged state university officials to study the product's nutritional benefits. Id. In its instruction to the jury, the district court quoted from the definition of "official act," as defined by 18 U.S.C. § 201(a)(3), but then added to this definition so as to include "actions that have been clearly established by settled practice as part of a public official's position, even if the action was not taken pursuant to responsibilities explicitly assigned by law," and "acts that a public official customarily performs," such as those "in furtherance of longer-term goals" or "in a series of steps to exercise influence or achieve an end." Id. at 2366, 2373. The jury convicted the Governor of honest services fraud and extortion, and the Fourth Circuit affirmed. Id. at 2366-67.

The Supreme Court reversed, finding that the district court's instruction defining "official act" was too broad. The Court created a two-pronged definition of "official act" under 18 U.S.C. § 201. First, "[t]he 'question, matter, cause, suit, proceeding or controversy' must involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee." Id. at 2372. The identified question or matter "must also be something specific and focused that is 'pending' or 'may by law be brought' before a public official." Id. Second,

> the public official must make a decision or take an action on that "question, matter, cause, suit, proceeding or controversy," or agree to do so. That decision or action may include using his official position to exert pressure on another official to perform an "official act," or to advise another official, knowing or intending that such advice will form the basis for an "official act" by another official. Setting up a meeting, talking to another official, or organizing an event (or agreeing to do so)—without more—does not fit that definition of "official act."

Id. Ultimately, although the Court found the Governor's conduct "distasteful," it held that "setting up a meeting, calling another public official, or hosting an event does not, standing alone, qualify as an 'official act.'" Id. at 2374-75.

In this case, the Court is not dealing with a review of a defective jury instruction which improperly broadens the definition of "official act" under 18 U.S.C. § 201(a) but an Indictment that in fact meets the two-prong test under

McDonnell. Unlike in McDonnell where there was no proof any definitive action taken by the Governor in exchange for receipt of gifts, in this case there is an allegation of a formal exercise of governmental power by Gordon (the selection of P&E as a vendor to supply maintenance and janitorial services for the FDA) and a decision by Gordon (in his capacity as a public official who was responsible for identifying and selecting vendors to perform maintenance and janitorial work) to select or influence the selection of P&E. The Indictment references the statute and does not, as did the district court in McDonnell, broaden the definition of the statute. The Indictment also alleges the elements of the offenses in § 201(b), identifies the parties involved in the offenses, and provides the dates and amounts of the alleged payment. See United States v. Williams, No. 3:16-CR-00003-TCB, 2017 WL 1030804, at *3 (N.D. Ga. Mar. 16, 2017) ("McDonnell does not compel the dismissal of the indictment because at this stage in the proceedings, the indictment charges provide sufficient notice to [the defendant] of the alleged 'official act.'").

Therefore, Defendants' objections to the Magistrate Judge's recommendation that the Motion to Dismiss Counts for Failure to Allege an Official Act Within the Meaning of the Bribery Statute should be denied are **OVERRULED**.

## B. Motion to Dismiss Counts for Failure to Allege an Offense

In their Motion to Dismiss Counts for Failure to Allege an Offense, Defendants once again rely on McDonnell to argue that the "stream of benefits" theory of bribery alleged in the Indictment cannot be maintained in light of the Supreme Court's decision. In the R&R, the Magistrate Judge rejected this argument, noting that there is nothing in McDonnell to show that the Supreme Court impliedly invalidated a theory which has long been recognized as a valid justification for a bribery prosecution and that other courts have continued to reaffirm the "stream of benefits" theory post-McDonnell. R&R at 15-19. Defendants maintain their position in their objections.

The Court agrees with the Magistrate Judge that nothing in McDonnell applies to eliminate the "stream of benefits" theory of bribery.

> [T]he Supreme Court has not provided any indication that its holding in [United States v. Sun-Diamond Growers of Cal., 526 U.S. 398 (1999)], rejecting a "stream of benefits" theory in the context of illegal gratuities, has been expanded to 18 U.S.C. § 201(b) bribery, under which the Petitioner was convicted.
>
> Further, the Fourth Circuit has approved of the use of the "stream of benefits" theory in other contexts, both before and since Sun-Diamond. See United States v. Quinn, 359 F.3d 666, 673 (4th Cir. 2004) (affirming the "stream of benefits" theory of liability for 18 U.S.C. § 201(b) bribery); United States v. Jennings, 160 F.3d 1006, 1014 (4th Cir. 1998) (finding that each bribery payment "need not be correlated with a specific official act"). Therefore, there is no indication that the

12

"stream of benefits" theory of bribery, under which the Petitioner was convicted, is invalid as applied to 18 U.S.C. § 201(b).

Miserendino v. United States, No. 2:14CR79, 2018 WL 1610876, at *11 (E.D. Va. Apr. 3, 2018). See also United States v. Mangano, No. 16-CR-540 (JMA), 2018 WL 851860, at *4 (E.D.N.Y. Feb. 9, 2018) ("As multiple courts have held, McDonnell did not eliminate the stream-of-benefits theory.") (listing cases); United States v. Menendez, 291 F. Supp. 3d 606, 616 (D.N.J. 2018) ("Indeed, post-McDonnell, the Third Circuit and other Circuit courts have continued to cite favorably to their own stream of benefits precedents, indicating their view that the Supreme Court left the theory intact.") (listing cases).

Therefore, Defendants' objections to the Magistrate Judge's recommendation that the Motion to Dismiss for Failure to Allege an Offense should be denied are **OVERRULED**.

### III. CONCLUSION

Accordingly, after a *de novo* review of those portions of the R&R to which Defendants object, the Court **OVERRULES** their objections [Docs. 51 & 57]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 49] as the Opinion and Order of the Court.

It is hereby **ORDERED** that:

13

(1) Defendants' Motion to Dismiss Counts for Failure to Allege an "Official Act" Within the Meaning of the Bribery Statute [Doc. 34] is **DENIED**; and

(2) Defendants' Motion to Dismiss Counts for Failure to Allege an Offense [Doc. 35] is **DENIED.**

It is further **ORDERED** that Defendants' Objection to Government's Response to Bill of Particulars [Doc. 58] is **REFERRED** to the Magistrate Judge for disposition.

**IT IS SO ORDERED** this 21st day of June, 2018.

MARK H. COHEN
United States District Judge